# Third District Court of Appeal

## State of Florida

Opinion filed February 21, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-461
Lower Tribunal No. 22-12584

_____

## Stefan E. Brodie, et al.,

Appellants,

vs.

## Bayside Village East Condominium Association, Inc., et al.,

Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Michael A. Hanzman, Judge.

Joel S. Perwin, P.A. and Joel S. Perwin; Minsker Law PLLC and Jonathan E. Minsker; MoloLamken LLP, Steven F. Molo, Mark W. Kelley, and Alex C. Eynon (New York, NY); MoloLamken LLP and Megan Cunniff Church (Chicago, IL), for appellants.

Cole, Scott & Kissane, P.A., Scott A. Cole, and Carly M. Weiss; Crabtree & Auslander, LLC, John G. Crabtree, Charles M. Auslander, and Brian C. Tackenberg, for appellees.

Before LOGUE, C.J., and FERNANDEZ and LINDSEY, JJ.

PER CURIAM.

Affirmed. See Am. Airlines, Inc. v. Geddes, 960 So. 2d 830, 833 (Fla. 3d DCA 2007) ("[O]ne who publishes defamatory matter concerning another is not liable for the publication if the matter is published upon an occasion that makes it conditionally privileged and the privilege is not abused."); Cape Publ'ns, Inc. v. Reakes, 840 So. 2d 277, 280 (Fla. 5th DCA 2003) ("The issue of whether this qualified privilege exists is not a jury question when the circumstances surrounding the communication are undisputed; the question should be decided by the court."); Nodar v. Galbreath, 462 So. 2d 803, 810 (Fla. 1984) ("The determination that a defendant's statements are qualifiedly privileged eliminates the presumption of malice attaching to defamatory statements by law. The privilege instead raises a presumption of good faith and places the upon the plaintiff the burden of proving express malice . . . ."); Lewis v. Evans, 406 So. 2d 489, 492 (Fla. 2d DCA 1981) ("[T]he mere fact that a defamatory statement was made does not imply that the speaker was motivated by malice if the statement was made on a privileged occasion, and therefore malice will not be presumed as a matter of law, even though the statement . . . is otherwise defamatory per se."); Boehm v. Am. Bankers Ins. Grp., Inc., 557 So. 2d 91, 94 (Fla. 3d DCA 1990) ("It is insufficient that the speaker have

generalized feelings of hostility and malice towards the Plaintiff. Only if the Plaintiff demonstrates the primary motivation for the *statements uttered* was express malice, is the privilege overcome.") (emphasis in original).